**BOWLES, Adm'r, OPA, v. VAN DER LOO.**

**No. 29900.**

District Court of the United States for the District of Columbia.

Dec. 11, 1945.

Carl W. Berueffy, J. Grahame Walker, and F. L. Williamson, all of Washington, D. C., for plaintiff.

Laskey & Laskey and John L. Laskey, all of Washington, D. C., for defendant.

McGUIRE, Associate Justice.

Damages denied.

Petition for injunction granted.

Respondent, in my judgment, has made an honest effort to comply and has seasonably filed, as provided under the statute, Title 50 U.S.C.A.Appendix, § 923(c), a protest on which the petitioner has failed to act "within a reasonable time after it is filed. * * *"

True, the respondent, upon failure of the petitioner to act without undue delay, may still pursue its remedy in the Emergency Court of Appeals, Title 50 U.S.C.A.Appendix, § 923(d), but the fact is the Administrator has done nothing other than file the present bill asking for injunctive relief and damages.

■ I find the respondent, despite what might be termed slipshod business practice, has acted in good faith and made an honest effort to comply, and, as a consequence, should not be held liable in damages.

■ On the injunctive aspect of the case it is to be noted, with reference to interpretation of the regulation: "The ultimate criterion [however] is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700.

■ I, therefore, hold that until administrative determination is made of respondent's protest, Price Chart IV, so-called, is to be deemed valid, in full force and effect, and the respondent enjoined from violation of the same. This does not in any way negative the right of the respondent to proceed immediately in the Emergency Court of Appeals as provided under Title 50 U.S.C.A.Appendix, § 923 (d).